## FIRST PHILADELPHIA REALTY CORPORATION

### v.

### ALBANY SAVINGS BANK.

**Civ. A. No. 84–587.**

United States District Court,
E.D. Pennsylvania.

May 16, 1985.

Michael S. Silberman, Andrew Elash, Philadelphia, Pa., for plaintiff.

Rush T. Haines, II, Robert J. Hoelscher, Drinker, Biddle & Reath, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff, First Philadelphia Realty Corporation (Realty), has filed this diversity action for a declaratory judgment seeking this Court's interpretation of the language in certain mortgage instruments held by the defendant, Albany Savings Bank (Albany). Specifically, Realty asked the Court to determine whether the mortgage instruments permit the mortgagor to make a substantial prepayment of principal without incurring the obligation to pay the prepayment consideration provided in the mortgage. The Court held a hearing on the parties' cross-motions for summary judgment and determined that there are no genuine issues of material fact. The undisputed facts may be summarized as follows:

On or about February 28, 1977, Park Drive Manor, Inc. executed a commercial mortgage note in the amount of $4,300,-000.00 with an interest rate of 9 ¾% secured by a mortgage in favor of Fidelity Bond and Mortgage Company (Fidelity). At the same time, Fidelity assigned this mortgage to the defendant, Albany. Fidelity continued to service the note and mortgage. These instruments provide for specified monthly installments of principal and interest to be paid on the first day of each month "until the principal and interest are fully paid, except that the final payment of the entire principal sum if not sooner paid shall be due and payable on the first day of March, A.D. 1987." Each instrument specifically provides that the mortgagor and its successors and assigns:

> shall have the privilege of *prepaying the full amount of the principal sum thereof remaining unpaid* after the first five years of amortization, *on giving to the Holder of the Note 60 days notice of its intention to do so and paying to the Holder of the Note, simultaneously with such notice, a prepayment consideration* in a sum equivalent to 5% of the unpaid balance of the principal sum secured by the Note, if such prepayment is made during the Sixth year of amortization, declining one-half of 1% per year to 1% and 1% thereafter. It is understood and agreed that such prepayment consideration shall be in addition to principal and interest unpaid on the date that the principal and interest are paid in full.

(emphasis added).

On October 15, 1983, in the seventh year after the execution of the mortgage instruments, the plaintiff, Realty, became the Managing Agent for the Park Drive Manor apartments, the property which secures the mortgage note. Under the terms of the housing management agreement, Realty is to collect rents from property owned by Park Drive Manor, Inc., and to pay all

sums due on the mortgage instruments which are the subject of this lawsuit.

By letter dated October 11, 1983, Realty requested Fidelity to provide a prepayment or "payoff" statement on the mortgage loan accounts for the Park Drive Manor Apartments as of October 24, 1983. For internal accounting reasons, Fidelity had split the original $4,300,000.00 mortgage loan into two loan accounts, one in the amount of $3,000,000.00 and one in the amount of $1,300,000.00. Fidelity provided two payoff statements which were good until October 24, 1983 in response to Realty's request. The payoff figure on the $3,000,000.00 loan account was $2,754,214.88, which was broken down as follows: unpaid principal balance—$2,738,349.85; prepayment fee of 4½%—$123,225.74; interest from October 1, 1983 to October 24, 1983—$17,799.36; late charges—$9,746.12; satisfaction fee—$35.00; less credit for escrow funds—$134,941.19. On the $1,300,000.00 loan account, the payoff figure good until October 24 was $1,250,082.18, which was calculated as follows: unpaid principal balance—$1,186,617.90; prepayment fee of 4½%—$53,397.81; interest from October 1, 1983 to October 24, 1983—$7,713.12; late charges—$2,318.35; satisfaction fee—$35.00. The total of the two prepayment figures good until October 24, 1983 was $4,004,297.06. The statements provided for an additional $1,063.02 per day in interest if payment was made after October 24, 1983.

On or about October 24, 1983, Realty closed a refinancing insured by the Department of Housing and Urban Development under section 223(f) of the National Housing Act. On October 25, 1983, Fidelity received a check in the amount of $4,005,360.08 on the mortgage loan accounts in question. This was the same amount as the October 24, 1983 payoff figures plus one day's additional interest. Payment on the check was stopped on October 26, 1983.

By letters dated December 14, 1983, Fidelity provided payoff statements on the two loan accounts with payoff figures of $2,694,140 26 and $1,243,080.96 (total

$3,937,221.22) which would be good until December 15, 1983. An additional $1,059.51 per day was required if payment was made after December 15, 1983. On or about December 16, 1983, Realty wired two sums to Fidelity, $2,694,140.26 and $1,205,859.74, for a total of $3,900,000.00 ($37,221.22 less than the payoff figures as of December 15, 1983).

Realty asserts that this $3,900,000.00 represents a partial prepayment of the remaining unpaid principal which need not be accompanied by any prepayment consideration. Realty contends that the above-quoted language of the mortgage instruments, which refers to the prepayment consideration required for prepayment of "the full amount of the principal sum thereof remaining" is inapplicable to its partial prepayment. On the other hand, Albany contends that the only prepayment option contemplated by the mortgage instruments is a full prepayment, which triggers the prepayment consideration clause quoted above.

As stated, there are no genuine issues of material fact. This Court may grant one of the cross-motions for summary judgment if it determines that either party is entitled to judgment as a matter of law. *See Hollinger v. Wagner Mining & Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). For the reasons discussed below, the defendant Albany's motion for summary judgment will be granted, and Realty's motion for summary judgment will be denied.

The mortgage in this case calls for precise payments of principal and interest on a monthly basis until the mortgage is fully amortized on March 1, 1987. In addition, the mortgage instruments provide that the mortgagor and its successors and assigns shall have the option of prepaying the full amount of the principal sum remaining unpaid after the first five years of amortization, provided that the mortgagor gives the noteholder 60 days notice of its intention to repay and simultaneously pays a prepayment consideration to the noteholder. This consideration provided in the mortgage instrument is equal to five percent (5%) of

the unpaid principal sum if payment is made during the sixth year of amortization. In subsequent years, the prepayment consideration percentage declines annually by ½ of 1% until it reaches 1%, where it remains for the remaining term of the loan.

Since the mortgage was originally executed by Pennsylvania citizens on property located in Pennsylvania, the parties are agreed, and the Court concurs, that Pennsylvania law shall apply to the resolution of the dispute. A Pennsylvania statute provides that residential mortgage obligations (obligations of $50,000.00 or less, which are secured by a lien on property containing two or fewer residential units) contracted for after 1974 may be prepaid at any time without any penalty or other charge for the prepayment. 41 Pa.Stat.Ann. §§ 401 & 405 (1984 supp.). However, no such provision governs the prepayment of commercial or non-residential mortgage obligations.

Despite the clear and unambiguous language of the mortgage instruments in this case, plaintiff contends that the terms of the mortgage authorize a *partial* prepayment without obligation to pay the prepayment consideration. However, the conditions under which prepayment is authorized are specifically set forth in the mortgage. Therefore, the cases relied upon by plaintiff are not controlling. In *Beth-June, Inc. v. Wil-Avon Merchandise Mart, Inc.*, 211 Pa.Super. 5, 233 A.2d 620 (1967), where the mortgage instrument as modified did not specifically address the issue of prepayment, the Court held that the words "if not sooner paid" contemplated prepayment in whole or in part. In *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983), the Court held that where a mortgage note is silent on the subject of prepayment, the mortgagor has a presumptive right to obtain a release from the mortgage upon payment of the principal balance and interest thereon. As the *Mahoney* Court recognized, the issue of the mortgagor's right to prepay the loan and alienate the land does not arise in the current institutional mortgage, which customarily exacts a substantial consideration as a condition of accepting prepayment. *See* 503 Pa. at 63–64, 468 A.2d

at 460–61. And even in the case of a private mortgage, the Court noted that specific language may rebut the presumption of a right to prepayment or qualify the *terms* upon which prepayment is permitted. *See id.*

It is well-settled that a contract must be interpreted as a whole and effect must be given to all of its provisions. *See, e.g., Woytek v. Benjamin Coal Co.*, 300 Pa.Super. 397, 446 A.2d 914 (1982). In other words, a contract must not be construed so as to render any of its terms meaningless. *See, e.g., Girard Trust Bank v. Life Ins. Co. of North America*, 243 Pa.Super. 152, 364 A.2d 495 (1976). The plaintiff in this case entered into a mortgage contract that afforded two options: (1) monthly payments of principal and interest calculated to fully amortize the mortgage debt, if maintained until the end of the contract; or alternatively, (2) prepayment of the *entire* outstanding principal balance, provided that if such prepayment takes place in the seventh year, it must be accompanied by a 4½% prepayment consideration. Plaintiff would have this Court insert into the contract a third payment option which would authorize prepayment of a substantial part of the principal balance (but less than the entire outstanding principal balance) without the obligation of paying the prepayment consideration. Reading such a provision into the mortgage instruments would render meaningless the specific terms providing for a prepayment consideration in that this interpretation would require the mortgagee to accept payment of the entire principal balance less one dollar without the benefit of the bargained-for prepayment consideration.

Since there are no ambiguities in the terms of this mortgage, the Court must give effect to the intent of the parties as it is set forth within the four corners of the agreement. It is not the function of the Court to redraft an agreement more favorable to a given party than that which he chose for himself. *See Harris v. Dawson*,

479 Pa. 463, 388 A.2d 748 (1978). Accordingly, this Court has determined that the language in question cannot be construed to allow a partial prepayment of the principal balance without a payment of the prepayment consideration, for to do so would render the prepayment clause a nullity.

For the reasons stated above, this Court has determined that defendant's motion for summary judgment will be granted, and that plaintiff's motion for summary judgment will be denied.